

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 10/20/10

**SCHIFFHARDIN**

Everett J. Cygal
312-258-5783
ecygal@schiffhardin.com

233 SOUTH WACKER DRIVE
SUITE 6600
CHICAGO, ILLINOIS 60606

t 312.258.5500
f 312.258.5600

www.schiffhardin.com

September 2, 2010

**VIA FACSIMILE**

Honorable Barbara S. Jones
United States District Court
Southern District of New York
Daniel Patrick Moynihan
United States Courthouse
500 Pearl St.
New York, NY 10007-1312

*ENDORSED ORDER*
*Application granted —*
*[signature]*
*10/20/10*

Re:   Clarendon National Insurance Company and Clarendon America Insurance Company v. Trustmark Insurance Company, 09 C 9896 (BSJ) (MHD)

Dear Judge Jones:

We represent Defendant Trustmark Insurance Company ("Trustmark") and write pursuant to paragraph 1.A. of Your Honor's Individual Practices.

Trustmark respectfully requests leave to file five exhibits under seal to its Counterclaim, which was filed September 1, 2010. The five agreements that Trustmark intends to append to its Counterclaim are the five "Settlement Agreements" that Plaintiffs Clarendon National Insurance Company and Clarendon America Insurance Company (collectively "Clarendon") filed suit to enforce. Each Settlement Agreement contains a confidentiality clause (reprinted in Exhibit A) that generally prohibits public disclosure of the agreement. In accordance with its contractual obligations, Trustmark believes it must submit this request. Nonetheless, despite the Settlement Agreements' confidentiality clauses, Trustmark cannot, in candor, represent that the agreements are appropriate for filing under seal.

By way of background, on December 2, 2009, Clarendon filed suit against Trustmark in above-captioned matter. Clarendon's Complaint alleges the breach of the Settlement Agreements. These Settlement Agreements are the Hallmark Settlement Agreement, the MELEX Settlement Agreement, the BIG I Settlement Agreement, the 1998 Agency Captive Settlement Agreement, and the 1999 Agency Captive Settlement Agreement, each of which is described in the Complaint.

Clarendon, however, did not attach the Settlement Agreements to its Complaint. [Doc. No. 1, p. 4, n.1]. Clarendon did attach the Settlement Agreements to a subsequent motion that it filed for Rule 11 Sanctions, but the versions that were filed included numerous redactions. [Doc. No. 30, Exs. A-D & F].



Honorable Barbara S. Jones
September 2, 2010
Page 2

      In its Counterclaim, Trustmark alleges that Clarendon breached certain "Side Letters" that altered and amended the Settlement Agreements. Trustmark would like to attach full and unredacted versions of the Settlement Agreements as exhibits to its Counterclaim.

      Despite the Settlement Agreements' confidentiality clauses, Trustmark cannot represent to this Court that the agreements are appropriate for filing under seal. *See, e.g., Sony Ericsson Mobile Commc'ns AB v. Delta Elecs. Public Co. Ltd. (Thailand)*, No. 09 Civ. 995, 2009 WL 959639, at *2 (S.D.N.Y. April 8, 2009) (Jones, J.) (applying Second Circuit precedent to deny leave to file exhibits under seal where the party "intended the documents at issue in this case to be taken into account by the Court in deciding [the matter]-activities central to the Court's duties in adjudicating this dispute"); *cf. In the Matter of Eastman Kodak Company's Application*, 2010 WL 2490982 (S.D.N.Y. June 15, 2010) (denying application to file complaints under seal based on agreements with confidentiality provisions as "paradoxical because these are the agreements at the heart of these actions" and the material therein was "not peripheral" to the case). Additionally, this Court has already denied a blanket protective order in this matter for lack of good cause. [Doc. No. 45].

      Trustmark, therefore, seeks leave to file the five Settlement Agreements under seal out of an abundance of caution and in light of the confidentiality provisions. Trustmark, however, would have no objection to filing the Settlement Agreements in this Court's public file as unsealed exhibits.

      Trustmark has served a copy of this letter, and its Counterclaim, on Clarendon's counsel, who can argue that the Settlement Agreements should be file under seal, if Clarendon believes that such a filing is appropriate.

                                      Respectfully submitted,

                                        Everett J. Cygal

Enclosure
cc:    Counsel of Record