Robert A. Scher, Esq.
FOLEY & LARDNER LLP
90 Park Avenue
New York, New York 10016
Tel: (212) 682-7474
Fax: (212) 687-2329

Brett Ludwig, Esq. (pro hac vice)
Brian Keenan, Esq. (pro hac vice)
FOLEY & LARDNER LLP
777 E Wisconsin Avenue
Milwaukee, WI 53202-5306
Tel: (414) 271-2400
Fax: (414) 297-4900

*Attorneys for Plaintiffs and Counter-Defendants
Clarendon National Insurance
Company and Clarendon America
Insurance Company*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------ X
CLARENDON NATIONAL INSURANCE :
COMPANY and CLARENDON AMERICA :
INSURANCE COMPANY, :
: 09 cv 9896 (BSJ)
Plaintiffs, :
:
v. :
:
TRUSTMARK INSURANCE COMPANY, :
:
Defendants. :
------------------------------------ X

**SUMMARY JUDGMENT RESPONSE
DECLARATION OF ROBERT REDPATH**

Robert Redpath, pursuant to 28 U.S.C. § 1746, declares as follows:

1.  I am Senior Vice President and General Counsel of both Clarendon National Insurance Company and Clarendon America Insurance Company (collectively "Clarendon"). I make this declaration based on my personal knowledge or on the basis of documents and records of Clarendon with which I am familiar in the course of my duties and which I know to be reliable.

2.  In its Summary Judgment memorandum, Trustmark Insurance Company ("Trustmark") references language in the parties' Side Letter agreements and in the MELEX Settlement Agreement in which the parties acknowledged that Clarendon would bill its own reinsurers for the "without prejudice" offset payments that Clarendon was making to Trustmark. More specifically, the parties agreed that the offset payments would be accomplished in a manner that would allow Clarendon to seek reimbursement from Clarendon's reinsurers for the claims payments it was being "deemed" to have made to Trustmark. All of the agreements provide that Clarendon and Trustmark would "work together in good faith to mutually agree upon the specific claims" that would be deemed paid so that Clarendon could "properly bill its outbound reinsurers."

3.  One of Clarendon's reinsurers was the John Hancock Life Insurance Company ("John Hancock"). The reinsurance that John Hancock provided Clarendon covered, among other things, claims payments that Clarendon made to Trustmark on the 1998 VQS Treaty and the 1998 International Treaties.

4.  In March 2007, Clarendon and Trustmark identified a number of specific claims that they agreed would be "deemed" paid by Clarendon to Trustmark under the 1998

1

VQS and the 1998 International Treaties as a result of the "without prejudice" offset payments. Beginning in the third quarter of 2007, Clarendon billed Hancock for the claims that it was deemed to have paid Trustmark under the 1998 VQS and 1998 International Treaties.

5. On March 20, 2009, the Panel in the 1998 International Treaties arbitration issued its Second Corrected Final Award. The Panel ruled that Clarendon owed Trustmark $6,645,648 under the 1998 International Treaties. This amount was calculated after accounting for the full amount of minimum premium due Clarendon, less undisputed claims, plus interest on the amount of premium that Clarendon had to return to Trustmark (but not on amounts owed for claims).

6. The Panel's ruling necessarily affected the claims the parties had previously identified as having been deemed paid. The amount due Trustmark was substantially less than the $39,220,357.53 it had been seeking from Clarendon in its previous March 5, 2007 billing. And, based on the ruling, Trustmark was not entitled to coverage for a number of the claims that the parties had "deemed" Clarendon to have paid.

7. After receiving the Second Corrected Final Award, I notified Ray Lester at Trustmark by letter that Clarendon was satisfying the balance due under the 1998 International Treaties arbitration award by offset. On April 6, 2009, Clarendon fully credited Trustmark for the entire $6,645,648 awarded by the arbitrators, reducing the balances that Trustmark owed Clarendon by that amount.

8. Following the Second Corrected Final Award and Clarendon's satisfaction of that Award, Clarendon updated its quarterly billings to John Hancock to account for the Award and to reflect the actual claims and premium due and owing between Clarendon and

Trustmark under the 1998 International Treaties. John Hancock has not expressed any objection to Clarendon's having updated its billings to reflect the reality of the claims and premium that the arbitrators determined were properly subject to the 1998 International Treaties.

I DECLARE UNDER PENALTY OF PERJURY OF THE LAWS OF THE UNITED STATES THAT THE FOREGOING IS TRUE AND CORRECT.

Executed on December 20th, 2010

_____
Robert Redpath