UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
CLARENDON NATIONAL INSURANCE           :
COMPANY and CLARENDON AMERICA          :
INSURANCE COMPANY,                     :
                                       :
                     *Plaintiffs*,     :
                                       :
        v.                             :
                                       :
TRUSTMARK INSURANCE COMPANY            :
                                       :
                     *Defendant*.      :
------------------------------------------------------------------X   09 cv 9896 (BSJ-MHD)
TRUSTMARK INSURANCE COMPANY            :
                                       :
            *Defendant, Counter-Plaintiff*. :
                                       :
                                       :
        v.                             :
                                       :
CLARENDON NATIONAL INSURANCE           :
COMPANY and CLARENDON AMERICA          :
INSURANCE COMPANY,                     :
                                       :
            *Plaintiffs, Counter-Defendants*. :
------------------------------------------------------------------X

## DECLARATION OF STEPHEN HARTIGAN

I, Stephen Hartigan, pursuant to 28 U.S.C. §1746, declare as follows:

1.   I make this Declaration based upon my own personal knowledge, and if sworn as a witness, I will truthfully testify to the matters set forth herein.

2.   I am currently the Chief Executive Officer of InterGlobal Insurance Company, (IICL) which is domiciled in the United Kingdom and is regulated by the Financial Services Authority. IICL is a specialist International Private Medical Insurer.

- 2 -

3. I have worked in the international insurance and reinsurance markets for 37 years, holding a number of senior management positions. My CV is attached at appendix A. I am a Member of the Chartered Institute of Arbitrators (M.C.I.Arb) and a Member of the Academy of experts (M.A.E) under registration No. 2521.

4. I have been requested by the law firm Schiff Hardin LLP to comment on international insurance and reinsurance markets' custom and practice in the usage of the term "Without Prejudice".

5. In the course of my career I have made and received offers on a "without prejudice" basis on behalf of the companies I have worked for, I have received and continue to receive offers from various counterparties on a "without prejudice" basis and the use of a "without prejudice" qualification is not uncommon in international insurance and reinsurance practice. Invariably the term "without prejudice" is understood as I have described in the following paragraphs.

6. In the context of insurance and reinsurance transactions the term "Without Prejudice" is used to qualify an offer or acceptance of a term, proposal or settlement by one of the entities which is party to a contract of insurance or reinsurance to indicate that the offer or acceptance does not acknowledge that there is an admission of liability which may be used against the party making the offer or acceptance at some further stage in ongoing litigation in relation to that specific offer or acceptance, or in relation to a separate and unconnected dispute.

7. The term "Without Prejudice" does not and is not intended to negate the offer or acceptance itself. In my experience and in the context of market custom and practice neither the party making a "Without Prejudice" offer nor the party accepting a "Without Prejudice" offer can withdraw the offer once it has been accepted. If the offer is accepted with the "Without

- 3 -

Prejudice" qualification, the offer is accepted. However neither the offering nor accepting party can be prejudiced by the terms of the offer if it is not accepted and subsequent litigation ensues relating to the offer or acceptance which is made and neither the offering nor accepting party can be prejudiced by the terms of the offer or acceptance in connection with any other dispute which may arise and is not specifically related to the offer or acceptance which was made on a without prejudice basis.

8.   Correspondence which is marked up "Without Prejudice" is protected from disclosure and the term is often used in claims settlement negotiations where a "Without Prejudice" offer, where liability is not admitted, may be a more desirable route to a solution than litigation. In such cases once the offer is accepted it cannot be withdrawn by resorting to the "Without Prejudice" qualification.

9.   The custom and practice relating to the usage of the term "Without Prejudice" as I have described above is widespread and well understood within the insurance and reinsurance industry and in my opinion any person engaged in the business of insurance or reinsurance should be aware of such custom and practice.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on December 6, 2010.

_____
Stephen Hartigan

**CERTIFICATE OF SERVICE**

I, Everett J. Cygal, hereby certify that on December 20, 2010, a copy of the Declaration of Stephan Hartigan was filed with the Clerk of the Court and served on the following counsel of record via the Court's CM/ECF system:

| | |
|---|---|
| Robert A. Scher, Esq.<br>FOLEY & LARDNER LLP<br>90 Park Avenue<br>New York, NY 10016<br>Tel: (212) 338-3405<br>Fax: (212) 687-2329<br>rscher@foley.com | Brett H. Ludwig, Esq.<br>G. Michael Halfenger, Esq.<br>Brian P. Keenan, Esq.<br>FOLEY & LARDNER LLP<br>777 E. Wisconsin Avenue<br>Milwaukee, WI 53202<br>Tel: (414) 271-2400<br>Fax: (414) 297-4900<br>bludwig@foley.com<br>mhalfenger@foley.com<br>bkeenan@foley.com |

By: /s/ Everett J. Cygal

Everett J. Cygal, Esq.
SCHIFF HARDIN LLP
233 South Wacker Drive
Chicago, Illinois 60606
Tel: (312) 258-5500
Fax: (312) 258-5600

ATTORNEY FOR THE
TRUSTMARK INSURANCE COMPANY