```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------x
                                    :
CLARENDON NATIONAL INSURANCE COMPANY :
and CLARENDON AMERICA INSURANCE     :
COMPANY,                            :
                                    :
                  Plaintiffs,       :
                                    :      09 Cv. 9896 (BSJ)
        v.                          :      **Order**
                                    :
TRUSTMARK INSURANCE COMPANY,        :
                                    :
                  Defendant.        :
------------------------------------x
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 3/28/11

**BARBARA S. JONES**
**UNITED STATES DISTRICT JUDGE**

Plaintiffs Clarendon National Insurance Company and Clarendon America Insurance Company (collectively "Clarendon") move for sanctions under Federal Rule of Civil Procedure 11 against Defendant Trustmark Insurance Company. Clarendon argues that Trustmark's motion to dismiss, filed on January 29, 2010 and denied by this Court on August 18, 2010, relied upon "two frivolous and demonstrably false misstatements," thus warranting Rule 11 sanctions against Trustmark.

As explained in this Court's August 18, 2010 order denying Trustmark's motion, the Court agreed with Clarendon that collateral estoppel and res judicata did not bar the current suit.  While the Court agrees that this motion to dismiss may have been a "long shot," this does not warrant the imposition of sanctions.  Rather, sanctions are appropriate only when a

position is "frivolous, i.e., the legal position has 'no chance of success.'" Fishoff v. Coty, Inc., __ F.3d __, 2011 WL 744945 at *6 (2d Cir. March 04, 2011)(quoting Morley v. Ciba Geigy Corp., 66 F.3d 21, 25 (2d Cir. 1995)). Courts generally find sanctions justified only where an allegation is "utterly lacking in support . . . ris[ing] to the level of direct falsehoods." Safe-Strap Co., Inc. v. Koala Corp., 270 F. Supp. 2d 407, 412 (S.D.N.Y. 2003). Because Defendants' legal position cannot be said to have had no chance of success and their motion did not contain direct falsehoods, Plaintiff's motion for Rule 11 sanctions is DENIED. The Clerk of Court is directed to terminate ECF Document Number 27.

SO ORDERED:

_____
BARBARA S. JONES
UNITED STATES DISTRICT JUDGE

Dated:    New York, New York
          March 26, 2011