Robert A. Scher, Esq.
FOLEY & LARDNER LLP
90 Park Avenue
New York, New York  10016
Tel:  (212) 682-7474
Fax:  (212) 687-2329

Brett Ludwig, Esq. (pro hac vice)
Brian Keenan, Esq. (pro hac vice)
FOLEY & LARDNER LLP
777 E Wisconsin Avenue
Milwaukee, WI 53202-5306
Tel:  (414) 271-2400
Fax:  (414) 297-4900

*Attorneys for Plaintiffs and Counter-Defendants*
*Clarendon National Insurance*
*Company and Clarendon America*
*Insurance Company*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - -   X

CLARENDON NATIONAL INSURANCE         :
COMPANY and CLARENDON AMERICA        :
INSURANCE COMPANY,                   :
                                     :
            *Plaintiffs/Counter-Defendants,*   :        09 cv 9896 (BSJ)
                                     :
                    v.               :
                                     :
TRUSTMARK INSURANCE COMPANY,         :
                                     :
            *Defendants/Counter-Plaintiffs.*   :
                                     :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - -   X


**AFFIDAVIT OF ROBERT A. SCHER DEMONSTRATING NECESSITY OF
PROCEEDING BY AN ORDER TO SHOW CAUSE**


STATE OF NEW YORK        )
                         ) ss.:
NEW YORK COUNTY          )

Robert A. Scher, being duly sworn upon oath, deposes and says:

1.     I am an attorney representing plaintiffs Clarendon National Insurance Company and Clarendon America Insurance Company (collectively "Clarendon") in the above-captioned action.  I make this Affidavit based on my personal knowledge and in support of Clarendon's motion for a protective order pursuant to N.Y. C.P.L.R. §§ 5238 and 5240.

2.     Clarendon seeks an order 1) preventing the United States Marshal from distributing recently seized Clarendon funds to defendant Trustmark Insurance Company ("Trustmark"); 2) requiring the Marshal to keep the funds in escrow or pay the funds into the court registry; or if the Marshal has already distributed the funds, 3) requiring Trustmark to pay the funds into the court registry or return them to the Marshal.

3.     On January 7, 2011, the clerk of this Court issued a writ of execution in favor of Trustmark in the miscellaneous case *Trustmark Ins. Co. v. Clarendon Nat'l Ins. Co.*, No. 1:11-mc-00006-P1 (S.D.N.Y.).  A true and correct copy of the docket sheet is attached as Exhibit A to this Affidavit.  The writ was issued upon the registration of a judgment of the Northern District of Illinois in the case *Trustmark Ins. Co. v. Clarendon Nat'l Ins. Co. et al.*, No. 09 C 1673 (N.D. Ill.) (the "confirmation case") that confirmed an arbitration award.

4.     When Clarendon raised the issue in the confirmation case that it had already satisfied the award, Trustmark told the confirmation court that it had no authority to rule on that issue and that the satisfaction issue had to be raised in "the State and Federal courts of New York." Trustmark made these arguments in its Reply Memorandum of Law in Support of its Amended Petition to Confirm Second Corrected Final Award, filed on June 12, 2009 in *Trustmark Ins. Co. v. Clarendon Nat'l Ins. Co. et al.*, No. 09 C 1673 (N.D. Ill.), a true and correct copy of which is attached as Exhibit B to this Affidavit.

5.      The Northern District of Illinois refused to rule on the issue of satisfaction and instructed Clarendon to file a declaratory judgment action. On December 2, 2009, Clarendon filed this action, in the court demanded by Trustmark, seeking a declaration that it had satisfied the arbitration award.

6.      Upon learning of the registration, Clarendon's counsel Brett Ludwig emailed Trustmark's counsel to learn why Trustmark had registered the judgment. Trustmark's counsel David Spector responded that Clarendon was a collection risk because Clarendon's rating had been placed under review by A.M. Best due to Clarendon's impending sale. A true and correct copy of the January 11, 2011 email from Mr. Spector is attached as Exhibit C to this Affidavit.

7.      On January 20, 2011, the United States Marshal served levies of execution on Clarendon.   True and correct copies of the levies are attached as Exhibit D to this Affidavit.

8.      Clarendon brought the issue to the attention of the Court through two letters requesting pre-motion conferences. The Court held a pre-motion conference on January 25, 2011.

9.      That same day, Clarendon learned that one of its bank accounts with JP Morgan Chase, with deposits of $8.9 million, was frozen. On January 27, 2011, Clarendon discovered that the U.S. Marshal had served a levy of execution on JP Morgan Chase on January 20, 2011. A true and correct copy of the levy served on JP Morgan Chase is attached as Exhibit E to this affidavit.

10.     On January 27, 2011, Clarendon's counsel emailed Trustmark's counsel and offered to maintain a restraining notice on, and thus freeze, the Chase account if Trustmark stopped all further collection action until the Court decides Clarendon's declaratory claim that it

has already satisfied the arbitration award. The $8.9 million balance in the Chase accounts is more than sufficient to cover a judgment of less than $6.7 million. Trustmark's counsel had not agreed to this arrangement before Clarendon needed to move for relief from this Court. A true and correct copy of the above email exchange is attached as Exhibit F to this Affidavit.

11.     On January 28, 2011, Clarendon moved by order to show cause for a protective order preventing the enforcement of the judgment, for a ruling that it had satisfied the judgment under Rule 60(B)(5), and for a stay of execution under Rule 62(B)(4). A true and correct copy of the motion papers is attached as Exhibit G to this Affidavit. The court has yet to rule on that motion.

12.     On March 30, 2011, Clarendon learned its Chase account was debited in the amount of $7,854,921.70. It has not received any official notice of seizure from either JP Morgan Chase or the U.S. Marshal.

13.     Clarendon brings this motion by way of order to show cause because Clarendon's assets have already been seized, and the relief sought may be moot if the normal briefing schedule for motions brought by notice of motion is followed. New York law allows the sheriff or marshal to disburse funds to the judgment creditor 15 days after service of a levy of execution. N.Y. C.P.L.R. § 5234(a). More than 15 days have elapsed since such service. Without immediate court intervention, the marshal will turn over funds to Trustmark.

14.     As stated herein, Clarendon has previously requested a protective order to prevent any seizure of its assets, but the court has not ruled on that motion, and the U.S. Marshal has proceeded with the execution of judgment. Clarendon now requests a protective order to prevent the Marshal from turning over the seized funds to Trustmark. If the Marshal has already distributed the funds, Clarendon asks for the Court to order Trustmark to pay the funds into the

court registry or return them to the Marshal to hold in escrow pending the Court's resolution of

Clarendon's declaratory judgment.  This relief has not previously been requested.

_____
Robert A. Scher

Subscribed and sworn to before me
this 3 1 day of March, 2011.

_____
Notary Public, State of New York

KELLY M. BARGMANN
Notary Public, State of New York
No. 02BA6204816
Qualified in New York County
Commission Expires April 27, 2013