| | |
|---|---|
| David M. Spector, Esq. | Brian J. Neff, Esq. |
| Everett J. Cygal, Esq. | SCHIFF HARDIN LLP |
| Robert C. Feldmeier, Esq. | 900 Third Avenue |
| Colin M. Proksel, Esq. | 23rd Floor |
| SCHIFF HARDIN LLP | New York, New York 10022 |
| 233 South Wacker Drive | Tel: (212) 753-5000 |
| Chicago, Illinois 60606 | |
| Tel: (312) 258-5500 | Attorneys for Defendant, Counter-Plaintiff |

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------X
CLARENDON NATIONAL INSURANCE :
COMPANY and CLARENDON AMERICA :
INSURANCE COMPANY, :
:
            *Plaintiffs*, :
:
  v. :
:
TRUSTMARK INSURANCE COMPANY :
:
            *Defendant*. :
---------------------------------------------------------------X    09 cv 9896 (BSJ-MHD)
TRUSTMARK INSURANCE COMPANY :
:
            *Defendant, Counter-Plaintiff*. :
:
  v. :
:
CLARENDON NATIONAL INSURANCE :
COMPANY and CLARENDON AMERICA :
INSURANCE COMPANY, :
:
            *Plaintiffs, Counter-Defendants.* :
---------------------------------------------------------------X

**TRUSTMARK INSURANCE COMPANY'S MEMORANDUM OF LAW
IN SUPPORT OF ITS MOTION TO
DENY CLARENDON'S APRIL 12, 2011 PROPOSED ORDER AND
<u>STRIKE THE COURT'S APRIL 8, 2011 ORDERS</u>**

## INTRODUCTION

Although Clarendon[1] has yet to show either that it had satisfied the Judgment or that it was prejudiced by the Judgment's enforcement, this Court entered a protective order halting the United States Marshal from distributing the Judgment to Trustmark.[2] Because the U.S. Marshal already had distributed the funds to Trustmark, the Court then asked Clarendon "to specify what relief, if any, could be granted" and to submit a "proposed order for the delivery of seized funds into an escrow account." (Apr. 8, 2011 Orders [Doc. Nos. 105 and 106] ("April 8 Orders").)

The proposed order Clarendon submitted, for which it provided no legal authority, requires Trustmark to deliver to the Clerk of the Court the funds it received after executing a sister court's valid, final, and unappealed judgment. Such an order is a mandatory preliminary injunction, a prejudgment attachment, or relief from judgment. Because Clarendon cannot meet the standards to obtain any of this extraordinary relief, it has elected not to even address them. And this is not the first time that Clarendon failed to address this issue — Clarendon had no answer when this Court asked: "<u>[W]hat is the basis for Clarendon's application for effectively injunctive relief which is extraordinary relief[?]</u>" (April 14, 2011 Neff Decl. Ex. 1 at 3:5-7 (emphasis added).) Accordingly, the Court should deny Clarendon's proposed order.

Even if Clarendon could answer this question, or meet the standards for any one of those orders, it faces an additional hurdle: it is clear that a Magistrate Judge, acting without consent, cannot lawfully consider or enter Clarendon's proposed order or the April 8 Orders. Because

---

[1] The parties in this matter are Plaintiffs Clarendon National Insurance Company and Clarendon America Insurance Company, collectively "Clarendon," and Defendant Trustmark Insurance Company, "Trustmark."

[2] *Clarendon Nat'l Ins. Co. v. Trustmark Ins. Co.*, 09 cv 9896, Transcript of Hearing at 22:23-23:7 (Apr. 8, 2011) (emphasis added), attached as Ex. 1 to April 14, 2011 Declaration of Brian J. Neff ("Neff Decl.").

Clarendon has failed to provide a basis for *this Court* to enter its proposed order or the prior orders, Trustmark should not be compelled to return the Judgment.

## ARGUMENT

Clarendon's proposed order for extraordinary relief should be denied because Clarendon cannot show that it meets the burdensome requirements for (1) a mandatory preliminary injunction, (2) a prejudgment attachment, or (3) relief from judgment. Moreover, neither N.Y. C.P.L.R. § 5240 nor 28 U.S.C. § 636 permit this Court to grant the relief sought in Clarendon's proposed order. In addition, the Court should strike its April 8 Orders because Clarendon's motion for a protective order was not properly before this Court. Finally, the completion of the execution moots the Court's protective order.

**I.   THE COURT SHOULD DENY CLARENDON'S APRIL 12, 2011 PROPOSED ORDER**

   **A.   Clarendon's Proposed Order Is An Improper and Unsupported Mandatory Preliminary Injunction**

To require Trustmark to return the Judgment to an escrow account, the Court must enter a mandatory preliminary injunction. Although Clarendon has carefully avoided using that term and has never briefed the threshold prerequisites, this Court has already informed Clarendon that what it requested is, in fact, an injunction. (April 14, 2011 Neff Decl. Ex. 1 at 3:1-16.)

The standard for a preliminary injunction is high; for a mandatory preliminary injunction it is even more demanding. In general, a plaintiff must demonstrate (1) a likelihood of success on the merits; (2) irreparable injury in the absence of the injunction; (3) the balance of hardships tips decidedly in the plaintiff's favor; and (4) that the public interest would not be disserved. *See, e.g., Metropolitan Taxicab Bd. of Trade v. City of New York*, 615 F.3d 152, 156 (2d Cir. 2010); *Salinger v. Colting*, 607 F.3d 68, 77-80 & n.7 (2d Cir. 2010). On top of these requirements, an extra hurdle exists to obtain a mandatory preliminary injunction:

2

> The burden is even higher on a party like [Clarendon] that seeks a mandatory preliminary injunction that alters the status quo by commanding some positive act, as opposed to a prohibitory injunction seeking only to maintain the status quo. A mandatory preliminary injunction should issue only upon a clear showing that the moving party is entitled to the relief requested, or where extreme or very serious damage will result from a denial of preliminary relief.

*Cacchillo v. Insmed, Inc.*, --- F.3d ----, 2011 WL 1005427, at *3 (2d Cir. Mar. 23, 2011) (internal quotations and citations omitted).

Clarendon cannot meet this burden because it admittedly failed to show any irreparable harm arising from a money judgment where the potential judgment debtor is not a credit risk. First, Clarendon conceded that it was seeking an injunction for a matter involving only monetary, not irreparable, harm:

> THE COURT: Let us reduce ourselves down to this proposition which seems to me apparent, at least from what you have said thus far. *Clarendon seeks to enjoin enforcement of the judgment. Clarendon does not contend that there is any irreparable harm*. Clarendon says that in order to get relief of this sort under 5240 it need show only something less than irreparable harm . . . .
>
> MR. SCHER: *Yes*.
>
> \*   \*   \*
>
> THE COURT: But that's, of course, one of the issues in the case. *In effect you are having to argue the merits of your setoff claim here as a basis for seeking essentially injunctive relief.* No?
>
> MR. SCHER: Again, in our view we are not seeking injunctive relief, we are are (sic) seeking relief under 5240.
>
> THE COURT: *You can cite the section but the nature of the relief is injunction* against transfer of these funds to Trustmark, isn't it?
>
> MR. SCHER: The nature is asking the Court to prevent something from happening or to stop something from happening.
>
> THE COURT: *In other words, injunctive relief.*

(April 14, 2011 Neff Decl. Ex. 1 at 8:9-12:9 (emphasis added).)

Second, Clarendon has admitted twice now that if it later proves that it is entitled to the Judgment, Trustmark is not a credit risk. Clarendon first conceded this on January 26 before this

3

Court.  (Feb. 1, 2011 Neff Decl. Ex. 1 at 14:22-15:5.)  And on April 8, Clarendon acknowledged again that it still faces no irreparable harm because Trustmark is not a credit risk:

> THE COURT:  Okay, that leads us to the question of whether the plaintiff is contending that Trustmark would not be good for the money.
>
> MR. SCHER:  *We have never contended that they would not be good for the money*, your Honor.
>
> THE COURT:  So, *there is no irreparable harm in that sense.* . . .

(April 14, 2011 Neff Decl. Ex. 1 at 4:18-24 (emphasis added).)  These admissions are fatal to the relief sought.

### B. Clarendon's Proposed Order Is Not Proper Under Rule 64 and New York Attachment Law

Clarendon's proposed order may also be seen as a request for a prejudgment attachment. Under Rule 64, state law remedies are available to "seiz[e] . . . property to secure satisfaction of [a] potential judgment."  Fed. R. Civ. P. 64.  And a prejudgment attachment under New York law requires the plaintiff to demonstrate several elements, none of which Clarendon has shown.

First, under N.Y. C.P.L.R. § 6212(a), the plaintiff must show that (i) "it is probable that [it] will succeed on the merits," (ii) "grounds for attachment provided in section 6201 exist," and (iii) "the amount demanded from the defendant exceeds all counterclaims known to the plaintiff."  N.Y. C.P.L.R. § 6212(a) (McKinney 2011).  Then N.Y. C.P.L.R. § 6201(3) requires the plaintiff to show, for example, that the defendant is transferring property to defraud the plaintiff or frustrate the enforcement of a potential judgment.  N.Y. C.P.L.R. § 6201(3).  Lastly, the plaintiff must demonstrate a need for the attachment to secure payment.  *See, e.g., Capital Ventures Int'l v. Republic of Argentina*, 443 F.3d 214, 222 (2d Cir. 2006); N.Y. C.P.L.R. §

4

6223(b).³

Clarendon cannot satisfy these requirements because it has made no showing that it probably will succeed on the merits, that Trustmark is transferring property to evade enforcement of a potential judgment, or that Trustmark is a security risk. To the contrary, as noted above, Clarendon has repeatedly admitted that it has no concern regarding Trustmark's capacity to return the Judgment amount if the Court were to accept Clarendon's novel satisfaction theory.

### C. Clarendon Cannot Obtain Rule 60(b)(5) Relief from the Judgment

Under Rule 60(b)(5) a court can provide relief from a judgment that has been satisfied. However, as more fully briefed in Trustmark's February 1, 2011 Opposition (pp. 7-11) and April 4, 2011 Opposition (pp. 10-12), to obtain relief from a judgment under Rule 60(b)(5), Clarendon must make "a strong showing of likelihood of success on the merits" of its motion claiming that it satisfied the Judgment, which requires "more than a mere possibility of relief." *See Nken v. Holder*, 129 S.Ct. 1749, 1761 (2009) (internal citations and quotations omitted).

Clarendon cannot obtain relief here because it has not satisfied the Judgment, and Clarendon's self-proclaimed satisfaction does not meet the showing required for "extraordinary judicial relief" under Rule 60(b)(5). *Motorola Credit Corp. v. Uzan*, 561 F.3d 123, 126 (2d Cir. 2009) (quotations and citations omitted). Courts will disrupt the sanctity of a judgment "only if the moving party demonstrates exceptional circumstances, and relief under the rule is discretionary." *Id.* (quotations and citations omitted). Clarendon has not come close.

---

³ Moreover, even if Clarendon could show these factors, such attachment is a discretionary remedy. *See, e.g., Capital Ventures*, 443 F.3d at 219-22; *Buy This, Inc. v. MCI Worldcom Commc'ns, Inc.*, 178 F.Supp.2d 380, 383 (S.D.N.Y. 2001). And when attachment is sought to provide security—the only possible basis here—the Court should only exercise its discretion "upon a showing that *drastic action* is required." *See Buy This*, 178 F.Supp.2d at 383 (quotation marks and citations omitted) (emphasis in original).

### D. The Court Does Not Have the Authority to Grant Clarendon's Proposed Order

#### 1. N.Y. C.P.L.R. § 5240 Has No Application Post-Enforcement

N.Y. C.P.L.R. § 5240, under which the Court granted Clarendon's motion for a protective order, "has *no* application" to recover property when, as here, an enforcement procedure has concluded. *Mikulec v. United States*, 705 F.2d 599, 602 (2d Cir. 1983) (citing *Guardian Loan Co., Inc. v. Early*, 47 N.Y.2d 515, 520 (1979) ("CPLR 5240 relates to the use of an enforcement device; it has no application after the threatened use of an enforcement procedure is a *fait accompli*.")) (emphasis in original). Accordingly, this Court cannot order Trustmark to return the Judgment under N.Y. C.P.L.R. § 5240.

#### 2. The Proposed Order Is Beyond the Limited Scope of 28 U.S.C. § 636

Section 636 prohibits this Court from entering Clarendon's proposed order for four reasons. First, Clarendon's proposed order does not concern a "pretrial" matter that a magistrate judge has the authority to address under § 636. *See, e.g.,* 28 U.S.C. § 636(b)(1); *Columbia Record Production v. Hot Wax Records, Inc.*, 966 F.2d 515 (9th Cir. 1992) (holding § 636(b)(1) "only concerns pre-trial matters . . . and therefore is inapplicable to [a] post-judgment assignment order"); *accord Colorado Bldg. & Const. Trades Council v. B.B. Andersen Const. Co., Inc.*, 879 F.2d 809 (10th Cir. 1989). Indeed, Clarendon's proposed order — asking the Court to order Trustmark to return the Judgment — is unquestionably a post-trial matter. *See, e.g., LoSacco v. City of Middletown*, 71 F.3d 88, 91 (2d Cir. 1995) ("doubt[ing]" magistrate judge's jurisdiction over a purported objection to a bill of costs because it "was not a 'pretrial' matter"); *United States v. Diaz*, 922 F.2d 998, 1002 (2d Cir. 1990) (finding § 636(b)(1)(A) applies to empanelment of a grand jury, which "plainly occur[s] prior to any part of the trial").

Second, even if this Court could address it, Clarendon's proposed order seeks injunctive

relief that is beyond this Court's powers.  Under § 636(b)(1)(B), a magistrate judge may only "submit to [the district court] proposed findings of fact and recommendations" on motions for injunctive relief.  *See* 28 U.S.C. § 636(b)(1)(A) & (B).  A magistrate judge has no authority to fully "determine" Clarendon's proposed order.  *See* 28 U.S.C. § 636(b)(1)(A).

Third, the Court has not been expressly designated to review Clarendon's proposed order.  *See* 28 U.S.C. § 636(b)(1).  Rather, this Court has been designated only to hear discovery issues.  *See, e.g.,* Feb. 1, 2010 Referral Order [Doc. No. 19] (referring "General Pretrial," including discovery); Oct. 15, 2010 Referral Order [Doc. No. 58] (referring filing of exhibits under seal).  Absent a specific referral, this Court can neither "determine" the matter nor issue "proposed findings of fact and recommendations for [its] disposition."  *See, e.g.,* 28 U.S.C. § 636(b)(1)(A) & (B); *Columbia Record*, 966 F.2d at 516-17; *accord Colorado Bldg.*, 879 F.2d at 810-11.

Lastly, although § 636 allows parties to consent to have matters heard by a magistrate judge, the parties did not consent to have this Court review Clarendon's proposed order.  As noted above, until Clarendon moved for a protective order, only discovery matters in this case have been resolved in this Court.  In fact, this Court docketed the April 8 hearing as a discovery hearing.  (April 13, 2011 Minute Entry.)  As such, this Court lacks the authority to enter Clarendon's proposed order.

### 3. This Court Does Not Have Jurisdiction Over the Enforcement Action

Clarendon was required to file any motion related to the enforcement of the Judgment in the action that Trustmark initiated for that purpose, *Trustmark Ins. Co. v. Clarendon Nat'l Ins. Co.*, l-MISC-00006-P1.  But instead of seeking relief in the miscellaneous action under which the writs of execution were issued, Clarendon filed in this action.  And this Court lacks jurisdiction to provide relief from the enforcement action.  Specifically, under Rule 3(b)(i) of the Southern District's "Rules for the Division of Business Among District Judges," Clarendon

7

cannot attack enforcement in this Court: "The judge presiding in Part I shall hear and determine all miscellaneous proceedings in civil matters . . . ." Because Clarendon's proposed order relates to the enforcement action, it was required to seek relief in that action.

## II.     THE COURT SHOULD STRIKE ITS APRIL 8 ORDERS

### A.     The Court Did Not Have the Authority to Enter the April 8 Orders

For the reasons detailed above, Clarendon's motion for a protective order was not properly before this Court: (i) Clarendon's motion for a protective order was not a "pretrial" matter that a magistrate judge has the authority to address under § 636 (*see* I.D.2.); (ii) this Court had not been expressly designated to hear Clarendon's motion for a protective order (*see id.*); (iii) the parties did not consent to have Clarendon's motion for a protective order heard by this Court (*see id.*); and (iv) any motion related to enforcing the Judgment should have been filed in the miscellaneous action under which the writs of execution were issued (*see* I.D.3.). Because Clarendon filed and obtained relief in an improper forum, the April 8 Orders are null and void.

### B.     The Court Did Not Have Grounds to Enter the April 8 Orders

Even if Clarendon's motion for a protective order was properly before this Court, the Court had no basis to grant it. By reference, Trustmark adopts the arguments it previously advanced in the Court in its February 1, 2011 Opposition and April 4, 2011 Opposition. As that briefing established, Clarendon could not meet its high burden to prevent Trustmark from executing a valid, registered, federal court Judgment based merely on Clarendon's unproven allegation that it has satisfied the Judgment by setoff for three reasons. First, Clarendon has not satisfied the Judgment. Second, Clarendon had not shown the prejudice or disadvantage required under N.Y. C.P.L.R. § 5240 to prevent Trustmark from executing the Judgment. Finally, Clarendon could not justify a stay under Rule 62(b)(4) because it could not demonstrate irreparable harm from being required to comply with a final, unappealed, valid judgment.

C. **The Completed Enforcement Procedure Renders the Protective Order Moot**

Because the U.S. Marshal has distributed the Judgment to Trustmark, the limited grant of Clarendon's motion for a protective order is now moot and this Court should strike the order. At the time of the request and order, the purpose underlying both was to maintain the status quo—Trustmark was not to obtain the Judgment funds. When the Court entered its order, however, neither it nor the parties were aware that the U.S. Marshal had transferred the funds. As such, a protective order now serves no purpose. Accordingly, the protective order should be stricken.

## CONCLUSION

For the foregoing reasons, Trustmark requests that this Court enter an order (i) denying Clarendon's April 12, 2011 Proposed Order [Doc. No. 107] and (ii) striking the Court's April 8, 2011 Orders [Doc. Nos. 105 & 106]. Finally, Trustmark requests any such other relief as the Court deems just and proper under the circumstances, including its attorneys' fees and costs.

DATED: April 14, 2011                SCHIFF HARDIN LLP

Brian J. Neff, Esq.                  By:   /s/  Brian J. Neff
SCHIFF HARDIN LLP                          David M. Spector, Esq.
900 Third Avenue                           Everett J. Cygal, Esq.
23rd Floor                                 Robert C. Feldmeier, Esq.
New York, New York 10022                   Colin M. Proksel, Esq.
Tel: (212) 753-5000                        SCHIFF HARDIN LLP
Fax: (212) 753-5044                        233 S. Wacker Drive
                                           Chicago, Illinois 60606
ATTORNEYS FOR THE                          Tel: (312) 258-5500
TRUSTMARK INSURANCE COMPANY                Fax: (312) 258-5600

CH2\9862423.10