Robert A. Scher, Esq.
FOLEY & LARDNER LLP
90 Park Avenue
New York, New York 10016-1314
Tel: 212-682-7474
Fax: 212-687-2329

Brett H. Ludwig, Esq. (pro hac vice)
G. Michael Halfenger, Esq. (pro hac vice)
Brian P. Keenan, Esq. (pro hac vice)
FOLEY & LARDNER LLP
777 E. Wisconsin Avenue
Milwaukee, Wisconsin 53202
Tel: 414-271-2400
Fax: 414-297-4900

*Attorneys for Plaintiffs and Counter-Defendants Clarendon National Insurance Company and Clarendon America Insurance Company*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-----------------------------------------------------------x

CLARENDON NATIONAL INSURANCE
COMPANY and CLARENDON AMERICA
INSURANCE COMPANY,

    *Plaintiffs and Counter-Defendants,*

    v.

TRUSTMARK INSURANCE COMPANY,

    *Defendant and Counter-Plaintiff.*

-----------------------------------------------------------x

Civil Action No. 09-cv-9896

**CLARENDON'S MEMORANDUM OF LAW IN OPPOSITION TO TRUSTMARK'S MOTION TO DENY CLARENDON'S APRIL 12, 2011 PROPOSED ORDER AND STRIKE THE COURT'S APRIL 8, 2011 ORDERS**

Defendant Trustmark Insurance Company ("Trustmark") has been attempting to make an end-run around this litigation by executing on a judgment that Plaintiffs Clarendon National Insurance Company and Clarendon America Insurance Company (collectively "Clarendon") contend has been satisfied. Indeed, Clarendon brought this very case to seek a declaration that the judgment at issue has already been satisfied. On April 8, 2011, the Court exercised its authority over Trustmark's collection efforts by granting Clarendon's motion under N.Y. C.P.L.R. § 5240 and ruling that the U.S. Marshal should pay money that had been seized from Clarendon's bank account into a court escrow account pending resolution of this case. Trustmark now contends that because the Marshal paid the money to Trustmark the day before the Court issued its order, the Court is powerless to order Trustmark, as opposed to the Marshal, to deposit the funds into the court escrow account. Trustmark also now makes a new argument – that the Magistrate Judge never had the authority to issue the Court's order in the first place.

Trustmark is wrong on both counts. This Court has the authority under New York law to order Trustmark to pay the money into the court. That the Marshal happened to pay the money to Trustmark the day before the prior hearing does not affect this Court's authority. The law is also clear that the Magistrate Judge has the authority under federal law to hear Clarendon's motion and grant the requested relief. Trustmark's new argument (made for the first time after filing multiple briefs and appearing for oral argument before the Magistrate Judge) is incorrect on the law and has in any event been waived by Trustmark's having participated (without objection) in the proceedings before the Magistrate Judge. Trustmark should not be allowed to keep the money, and avoid the Court's prior ruling, simply because the wheels of justice ground more slowly than the collection process. The Court should therefore enter Clarendon's proposed order and deny Trustmark's motion

1

I.   **THE COURT HAS AUTHORITY UNDER N.Y. C.P.L.R. § 5240 TO ORDER TRUSTMARK TO PAY THE MONEY TO THE CLERK OF THE COURT.**

The power of this Court to order Trustmark to pay the money to the clerk of the court is governed by New York state law. *See* Fed. R. Civ. P. 59. Clarendon's motions were brought under N.Y. C.P.L.R. § 5240. As Clarendon has made clear in its numerous briefs on this issue, an order under this section is not a request for injunctive relief. *See, e.g., Torah v. Kesher Inter. Trading Corp.*, 667 N.Y.S.2d 759, 761 (N.Y. App. Div. 1998); *Paz v. Long Island R.R.*, 661 N.Y.S.2d 20, 22 (N.Y. App. Div. 1997); *Susan Ives, New York Ltd. v. Base Lodge, Inc.*, 259 N.Y.S.2d 1001 (N.Y. App. Div. 1974). Trustmark's assertions to the contrary are wrong as a matter of law.

Trustmark is also incorrect in contending that the Court does not have the authority under Section 5240 to order a party to repay money already received through collection proceedings. *Lincoln Fin. Servs., Inc. v. Miceli*, No. 2342/01, 2007 WL 2917242 (N.Y. Dist. Ct. Oct. 9, 2007) demonstrates that the Court indeed has such power. Relying on the court's "omnibus" and "broad" powers under Section 5240, the *Miceli* court ordered a judgment creditor to return funds seized from a bank account, because the account contained funds exempt from execution, directly to the judgment debtor even though the judgment debtor did not move the court for relief until after the sheriff had paid the money to the judgment creditor. *Id.* at *2-4. The court ruled that the motion was timely because the judgment creditor took steps to secure the return of the funds by attempting informal settlement discussions and then filed the motion after those failed. *Id.* at *3. The New York courts therefore do not lose authority under Section 5240 simply because a judgment creditor happened to receive the funds before the court could rule on the issue. Similarly, the motion is not turned into a request for pre-judgment attachment because of the timing of the Marshal's payment to Trustmark.

The key issue under New York law is whether the issue was timely raised. Here, Clarendon raised this issue with the Court as soon as it arose, and even sooner than the judgment debtor in *Miceli*. Clarendon submitted letters to the Court immediately after discovering that Trustmark had registered the judgment in this court. (*See* 1/12/11 and 1/21/11 Letters to the Court.) On January 28, 2011, immediately after learning that Trustmark had served a writ of execution on Clarendon's bank, Clarendon, by order to show cause, filed a motion for a protective order under Section 5240 and for a stay of all collection proceedings. (Docket Nos. 91-92.) On March 31, 2011, immediately after learning that the U.S. Marshal had taken funds from the bank account, Clarendon filed another motion, by order to show cause, for a protective order under Section 5240. (Docket Nos. 101-103.) That day, the Court set a briefing schedule and scheduled a hearing for April 8, 2011, at which the Court ordered the U.S. Marshal to pay the seized funds to the clerk of court to be held in escrow pending the resolution of this case. Trustmark would hold that the Court is powerless to address Clarendon's motion even though Clarendon brought this issue to the Court's attention as soon as possible.

Trustmark's request that this Court change its decision is based on inapposite authority dealing with motions to set aside the sheriff's sale of real property seized to satisfy a judgment. *See Guardian Loan Co., Inc. v. Early*, 392 N.E.2d 1240 (N.Y. 1979); *Mikulec v. United States*, 705 F.2d 599 (2d Cir. 1983). In the *Guardian Loan* case, the court made clear that it was determining "whether the provisions of CPLR 5240 may be utilized to set aside a lawfully consummated Sheriff's sale once the real property has been struck off and a deed delivered to a stranger to the underlying judgment," 392 N.E.2d at 517, which is a much different situation than that presented here. The court relied on the fact that the New York legislature had abolished a judgment debtor's right to redeem real property after it had been sold. *Id.* at 518. As the court

3

stated "[a]fter the sale has been consummated, the interests of persons other than the judgment debtor and creditor are implicated," and the buyer often is "a stranger to the judgment who relies on the regularity of the sale and proceeds accordingly." *Id.* at 520. Along these lines, the *Mikulec* court interpreted the *Guardian Loan* case to stand for the proposition that "the use of § 5240 to invalidate titles acquired at judicial sales would discourage third parties from participating in such sales." 705 F.2d at 602. This is a much different situation. Here, Clarendon simply asks the Court to require Trustmark, already a party to the case, to return funds that it would not have received if the hearing had taken place one day earlier. It does not risk impairing the rights of third parties by setting aside the sale of real estate, and the Court should not rely on the overbroad dicta cited by Trustmark.

Furthermore, the judgment debtors in the cases cited by Trustmark did not act quickly to preserve their rights but waited until after the lengthy judicial sale process was completed to challenge the sale. *See Guardian Loan*, 392 N.E.2d at 1243 (judgment debtor received two extensions of sale and appeared late at the sale); *Mikulec*, 705 F.2d at 603 (judgment debtor never raised claim asserted by United States). Clarendon acted as quickly as possible to protect its rights. Even if this were a judicial sale, the New York courts have the authority to grant much more drastic relief than what Clarendon seeks here. New York courts can set aside a judicial sale, even though it affects third parties who bought property relying on the sales process. *See Guardian Loan*, 392 N.E.2d at 1243-44 ("And, of course, the court may exercise its inherent equitable power over a sale made pursuant to its judgment or decree to ensure that it is not made the instrument of injustice"); *Gersten-Hillman Agency, Inc. v. Lichtenstein & Friedman Realty Corp.*, 583 N.Y.S.2d 56 (N.Y. App. Div. 1992) (holding that inequitable circumstances justified the court's post-sale intervention under *Guardian Loan*).

4

Clarendon merely requests that Trustmark—a party to this case—effectuate the Court's decision of April 8, 2011.

## II. THE MAGISTRATE JUDGE HAS THE AUTHORITY TO ORDER TRUSTMARK TO RETURN THE FUNDS

Trustmark's new challenge to the Magistrate Judge's authority – made only after the Magistrate Judge ruled against it on April 8, 2011 – should also be rejected. The Magistrate Judge had the authority to make its April 8, 2011 ruling and has the authority to require Trustmark to pay the money that was the subject of that ruling into the court.

The District Judge has referred this case to the Magistrate Judge for all "non-dispositive pretrial motions." (Docket No. 19.) Under 28 U.S.C. § 636(a), Magistrate Judges are authorized to make rulings on non-dispositive pretrial motions. Clarendon's motion for a protective order is a non-dispositive pretrial motion.

Clarendon's proposed order does not run afoul of Section 636(b)(1)(A)'s prohibition on a Magistrate Judge hearing a motion for "injunctive relief." The fact that an order requires a party to do something does not make it injunctive relief. If it were otherwise, a Magistrate Judge would have no authority to order the production of documents, the appearance at a deposition, or the other types of relief that Magistrate Judges frequently grant. For this reason, the federal courts have interpreted "injunctive relief" as "a coercive order that compels or prohibits certain behavior *and* establishes the rights and obligations of the parties." *Bache Halsey Stuart Shields, Inc. v. Killop*, 589 F. Supp. 390, 393 (E.D. Mich. 1984) (emphasis in original). Similarly, when analyzing whether an order is appealable as an order "granting, continuing, modifying, refusing, or dissolving injunctions" under 28 U.S.C. § 1292(a)(1), the Supreme Court has held that "[a]n order by a federal court that relates only to the conduct or progress of litigation before that court ordinarily is not considered an injunction and therefore is

not appealable under 1292(a)(1)." *Touton, S.A. v. M.V. Rizcun Trader*, 30 F. Supp. 2d 508, 510 (E.D. Pa. 1998), quoting *Gulfstream Aerospace Corp. v. Mayacamas Corp.*, 485 U.S. 271, 279 (1988).

In this case, the proposed order does not grant injunctive relief because the order does not establish the final rights and obligations of the parties with respect to the funds, which will be determined in the future. Clarendon's proposed order is less of an "injunction" than the relief upheld in the *Bache Halsey* case, in which the Magistrate Judge appointed a receiver to administer a judgment debtor's property so as to satisfy a judgment. 589 F. Supp. at 391-92. If a Magistrate Judge can properly appoint a receiver to manage a party's affairs under Section 636, a Magistrate Judge surely can order Trustmark to pay funds into court, funds that Trustmark only received because the Marshal happened to pay them to Trustmark one day before the hearing. In addition, because the order merely relates to the conduct of the litigation before the Court, it is not "injunctive relief" under Section 636. *See Gulfstream*, 485 U.S. at 279; *Touton*, 30 F. Supp. 2d at 510.

Furthermore, and in any event, Trustmark has waived any objection regarding the Magistrate Judge's authority to hear Clarendon's motion. Clarendon first raised these issues before the Magistrate Judge by letter dated January 12, 2011. Trustmark never objected that the Magistrate Judge had no authority to hear Clarendon's motions. To the contrary, Trustmark filed two briefs in response to Clarendon's motions, both of which were explicitly addressed to the Magistrate Judge, and attended the April 8, 2011 oral argument before the Magistrate Judge and did not once raise this issue. Only after the Magistrate Judge ruled in Clarendon's favor does Trustmark now raise the issue of the Magistrate Judge's authority. Trustmark's wait-and-see

6

strategy results in a waiver of its ability to challenge the Magistrate Judge's authority. *See Roell v. Withrow*, 538 U.S. 580, 590 (2003). As the Supreme Court held:

> the better rule is to accept implied consent where, as here, the litigant or counsel was made aware of the need for consent and the right to refuse it, and still voluntarily appeared to try the case before the Magistrate Judge. Inferring consent in these circumstances thus checks the risk of gamesmanship by depriving parties of the luxury of waiting for the outcome before denying the magistrate judge's authority.

*Id.* Trustmark cannot deny the Magistrate Judge's authority when it proceeded in front of the Magistrate Judge and only raise objections after it was unsatisfied with the Magistrate Judge's ruling. At all events, to the extent there is any concern about the Magistrate Judge's ability to enter the order, the solution would be to issue the order as a report and recommendation to the District Judge. There is simply no basis to vacate the Court's prior orders.

Trustmark's argument that the miscellaneous judge should have decided Clarendon's motion likewise has no merit. Trustmark's contention is contradicted by case law that allows a district court to assume jurisdiction over a related miscellaneous case. *See Application of CBS, Inc.*, 663 F. Supp. 1011, 1012 n.1 (S.D.N.Y. 1987). Furthermore, Trustmark has waived the issue because it never bothered to address the *CBS* case, which Clarendon has cited to the Court multiple times, and never raised this argument in its briefs or at oral argument. Again, Trustmark cannot participate in hearings before this Court and then deny the Court's authority after it receives an unfavorable ruling.

## CONCLUSION

The Court should deny Trustmark's motion and enter Clarendon's proposed order of April 12, 2011.

Dated:       New York, New York
             April 22, 2011

                                                FOLEY & LARDNER LLP

                                                /s/ Robert A. Scher
                                                Robert A. Scher, Esq.
                                                90 Park Avenue
                                                New York, New York 10016-1314
                                                Tel: 212-338-3405; Fax: 212-687-2329

                                                Brett H. Ludwig, Esq. (pro hac vice)
                                                G. Michael Halfenger, Esq. (pro hac vice)
                                                Brian P. Keenan, Esq. (pro hac vice)
                                                777 E. Wisconsin Avenue
                                                Milwaukee, WI 53202
                                                Tel: 414-271-2400; Fax: 414-297-4900

                                                *Attorneys for Plaintiffs and Counter-Defendants*

## CERTIFICATE OF SERVICE

This certifies that I caused CLARENDON'S MEMORANDUM OF LAW IN OPPOSITION TO TRUSTMARK'S MOTION TO DENY CLARENDON'S APRIL 12, 2011 PROPOSED ORDER AND STRIKE THE COURT'S APRIL 8, 2011 ORDERS to be served on the parties listed below via the Court's ECF System this 22nd day of April, 2011.

Everett J. Cygal
David M. Spector
Robert C. Feldmeier
Colin M. Proksel
SCHIFF HARDIN LLP
6600 Sears Tower
Chicago, IL 60606

Brian J. Neff
SCHIFF HARDIN LLP
900 Third Avenue
Twenty-Third Floor
New York, NY 10022

/s/ Robert A. Scher
Robert A. Scher, Esq.
90 Park Avenue
New York, New York 10016-1314
Tel: 212-338-3405
Fax: 212-687-2329

Brett H. Ludwig, Esq.
Brian P. Keenan, Esq.
Foley & Lardner LLP
777 E. Wisconsin Avenue
Milwaukee, WI 53202
Tel: 414-271-2400
Fax: 414-297-4900

*Attorneys for Plaintiffs and Counter-Defendants CLARENDON NATIONAL INSURANCE COMPANY and CLARENDON AMERICA INSURANCE COMPANY*