David M. Spector, Esq.
Everett J. Cygal, Esq.
Robert C. Feldmeier, Esq.
Colin M. Proksel, Esq.
SCHIFF HARDIN LLP
233 South Wacker Drive
Chicago, Illinois 60606
Tel:  (312) 258-5500

Brian J. Neff, Esq.
SCHIFF HARDIN LLP
900 Third Avenue
23rd Floor
New York, New York 10022
Tel: (212) 753-5000

Attorneys for Defendant, Counter-Plaintiff

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------X

CLARENDON NATIONAL INSURANCE    :
COMPANY and CLARENDON AMERICA    :
INSURANCE COMPANY,    :
   :
          *Plaintiffs*,    :
   :
   :
     v.    :
   :
TRUSTMARK INSURANCE COMPANY,    :
   :
          *Defendant*.    :
-----------------------------------------------------------------X    09 cv 9896 (BSJ-MHD)
TRUSTMARK INSURANCE COMPANY,    :
   :
          *Defendant, Counter-Plaintiff.*    :
   :
   :
     v.    :
   :
   :
CLARENDON NATIONAL INSURANCE    :
COMPANY and CLARENDON AMERICA    :
INSURANCE COMPANY,    :
   :
          *Plaintiffs, Counter-Defendants.*    :
-----------------------------------------------------------------X

**TRUSTMARK INSURANCE COMPANY'S REPLY MEMORANDUM**
**IN SUPPORT OF ITS MOTION TO DENY CLARENDON'S APRIL 12, 2011**
**PROPOSED ORDER AND STRIKE THE COURT'S APRIL 8, 2011 ORDERS**

**INTRODUCTION**

Ordinarily, when a party asks for monetary relief before the Court has decided the substantive issues in the case, the requesting party (i) states the appropriate standard authorizing the relief and (ii) explains how it has met that standard.  Clarendon[1] avoids taking either of these steps because it cannot meet any standard that would permit this Court to order Trustmark to return the funds it received after executing a sister court's valid, final, and unappealed Judgment.

Instead, Clarendon again invokes N.Y. C.P.L.R. § 5240 as authority for this extraordinary relief.  (Opp. at 2.)  But controlling state and federal authority, which Clarendon brushes off as "inapposite," holds that § 5240 has *no application* when, as here, an enforcement procedure has been completed.  (Opp. at 3.)  Although Clarendon makes several comments about the timing here, after is after — and it does not matter whether Clarendon's request for relief came one day after execution or one year after execution — § 5240 has no post-execution application.

Because Clarendon cannot meet any standard that *might* entitle it to relief, it decided instead to ignore those standards.  Clarendon essentially provides no response to Trustmark's argument that the order Clarendon seeks is a mandatory preliminary injunction, a prejudgment attachment, or relief from judgment.  And critically, Clarendon still has not answered the Court's fundamental question:  "[W]hat is the basis for Clarendon's application for effectively injunctive relief which is extraordinary relief[?]" (April 14, 2011 Neff Decl. Ex. 1 at 3:5-7 (emphasis added).)  This Court should not enter Clarendon's proposed order because it has neither a reason, nor the authority, to act in the manner Clarendon suggests it should.

---

[1] The parties in this matter are Plaintiffs Clarendon National Insurance Company and Clarendon America Insurance Company, collectively "Clarendon," and Defendant Trustmark Insurance Company, "Trustmark."

**ARGUMENT**

I.   **SECTION 5240 DOES NOT APPLY TO THE POST-ENFORCEMENT ORDER THAT CLARENDON SEEKS**

This Court cannot order Trustmark to return a final, valid, and enforceable Judgment under N.Y. C.P.L.R. § 5240 because § 5240 "has *no* application" to recover property when, as here, an enforcement procedure has concluded.  *Mikulec v. United States*, 705 F.2d 599, 602 (2d Cir. 1983) (emphasis in original); *Guardian Loan Co., Inc. v. Early*, 47 N.Y.2d 515, 519-20 (1979).  These two cases are not merely instructive; rather, they are binding on this Court.

In *Guardian*, the New York Court of Appeals reversed a lower court's decision invoking § 5240 to set aside a completed enforcement procedure — despite involving the "sale of a residence" and despite § 5240's grant of "broad discretionary power."  *Guardian*, 47 N.Y.2d at 519-20.  Why?  Because § 5240 "has no application after [execution] has been carried out . . . , at which time the use of the enforcement procedure will have been completed."  *Id*. at 520 (citing cases).  The *Guardian* Court explained why § 5240 does not apply:

> However unfortunate the judgment debtor's plight may be, CPLR 5240 relates to
> the use of an enforcement device; it has no application after the threatened use of
> an enforcement procedure is a Fait accompli.

*Id*.[2]   And the Second Circuit has likewise held that "§ 5240 may not be used to adjust parties' rights after [execution] has been validly completed."  *Mikulec*, 705 F.2d at 601 (citing *Guardian*, 47 N.Y.2d at 519-20).

In contrast to the binding authority Trustmark has provided, Clarendon points to an unreported lower state court decision, primarily decided under § 5222.  (Opp. at 2, citing *Lincoln*

---

[2] Clarendon suggests that, because "[t]he key issue under New York law is whether the issue was timely raised," and because it is acted "as soon as possible," it should still be able to invoke § 5240.  (Opp. at 3.)  The timing of § 5240 relief is key, and a post-execution request under § 5240 must be denied.  *Guardian*, 47 N.Y.2d at 519-520; *Mikulec*, 705 F.2d at 601-02.

*Fin. Servs., Inc. v. Miceli*, No. 2342/01, 2007 WL 2917242, \*3-5 (N.Y. Dist. Ct. Oct. 9, 2007).[3])

In *Lincoln*, the New York City Marshal levied a bank account — without adequate notice — that

contained exempt Social Security benefits and child support payments.  *Id.* at \*1.  Although the

judgment debtor moved for relief under § 5240, the Court's analysis, and ultimate relief, came

under §§ 5222 and 5232:  "[t]his motion calls upon the Court to balance the competing rights of

a judgment creditor, who is legally entitled to use authorized procedures to collect a debt, and a

judgment debtor, whose sole financial resources are legally exempt from seizure by the creditor."

*Id.* at \*3 (citation and quotations omitted).  The *Lincoln* court determined that that judgment

creditor "failed to comply with all of the notice provisions of Article 52" and "the monies upon

which the [judgment creditor] executed are readily identifiable as exempt property."  *Id.* at \*4.

For those reasons, it vacated the execution under §§ 5222 and 5232.  *Id.* at \*5-6.

Here, Clarendon has raised no issue about notice under §§ 5222 and 5232, and it certainly

has no argument that the bank account levied by the U.S. Marshal contained exempt Social

Security benefits or child support payments.  And this is the *only* case that Clarendon invokes as

granting this Court authority under § 5240 to enter the order Clarendon now seeks.  Because, as a

matter of New York law, § 5240 does not permit the action requested by Clarendon, the order

must be denied.

---

[3] *Lincoln* is a District Court ruling, as opposed to even a Supreme Court ruling, and therefore carries little to no weight in this Court. *Joseph S. v. Hogan*, 561 F. Supp. 2d 280, 284 (E.D.N.Y. 2008) ("a single Court of Claims decision cannot be said to constitute the law of New York"); *Phillips ex rel. Green v. City of New York*, 453 F. Supp. 2d 690, 744 (S.D.N.Y. 2006) ("[i]n the absence of a decision by the New York Court of Appeals, the rulings of New York's intermediate appellate courts are at least of persuasive authority, but those of a state trial court are usually not binding precedent upon federal courts" (citation omitted)).

## II.   CLARENDON FAILED TO ADDRESS ANY STANDARD THAT WOULD ALLOW A COURT TO ENTER THE ORDER IT SEEKS

Clarendon cannot meet the three legal bases that *might* permit the relief it seeks — a mandatory preliminary injunction, a prejudgment attachment, or relief from judgment.  (*See* Mem. at 2-5.)  Rather than substantively address these bases, Clarendon insists that this is "not a request for injunctive relief" and "not . . . a request for pre-judgment attachment."  (Opp. at 2.)  This response demonstrates that Clarendon has no response.[4]   Because Clarendon apparently concedes that it cannot prove any entitlement to a mandatory preliminary injunction, a prejudgment attachment or relief from judgment, this Court should not enter relief in that nature.

**Mandatory Preliminary Injunction.**   Clarendon cannot show, among other things, irreparable injury in the absence of the injunction and that "extreme or very serious damage will result from a denial of preliminary relief."  *Cacchillo v. Insmed, Inc.*, --- F.3d ----, 2011 WL 1005427, at *3 (2d Cir. Mar. 23, 2011).  Indeed, Clarendon has already admitted that it was seeking an injunction for a matter involving only monetary, not irreparable, harm and that Trustmark is not a credit risk.  (April 14, 2011 Neff Decl. Ex. 1 at 4:18-24, 8:9-12:9.)

Yet even if Clarendon could meet the preliminary injunction standards, "a District Court ha[s] no authority to issue a preliminary injunction" that gives Clarendon a right to Trustmark's property "pending adjudication of [Clarendon's] contract claim for money damages."  *Grupo*

---

[4] Although Clarendon cites three cases to support its position that it does not seek an injunction, none involve an order to return a judgment after execution.  *See, e.g., Torah v. Kesher Int'l Trading Corp.*, 667 N.Y.S.2d 759, 761 (App. Div. 1998) (under N.Y. C.P.L.R. § 5240, the trial court properly directed judgment creditor to apply to court to take depositions of nonparties); *Paz v. Long Island R.R.*, 661 N.Y.S.2d 20, 22 (App. Div. 1997) (finding N.Y. C.P.L.R. § 5240 authorized stay of enforcement of a judgment to extent established and valid lien may be asserted against the judgment, but not unestablished lien); *Susan Ives, New York, Ltd. v. Base Lodge, Inc.*, 359 N.Y.S.2d 1001, 1002 (App. Div. 1974) (staying judgment of lower court pending outcome of a separate proceeding because the allegations in the separate proceeding "would have appropriately constituted a counterclaim").

*Mexicano de Desarrollo S.A. v. Alliance Bond Fund, Inc.*, 527 U.S. 308, 330-32 (1999). Indeed,

the "well-established general rule" is that a "judgment establishing the debt [is] necessary before

a court of equity [will] interfere with the debtor's use of his property." *Id.* at 321. Because

Trustmark's alleged debt has not been established by a jury trial on Clarendon's legal claim, the

Court cannot issue a preliminary injunction to deprive Trustmark of its property. *Id*. at 330-31.

**Prejudgment Attachment.** Rule 64 "authorizes use of state prejudgment remedies," and

Clarendon must "comply[] with local attachment and garnishment statutes" in order to obtain

any prejudgment right to Trustmark's property. *Grupo Mexicano*, 527 U.S. at 330-31. Thus,

Clarendon's proposed order should be seen as a request for a prejudgment attachment under N.Y.

C.P.L.R. § 6212. *See* Fed. R. Civ. P. 64 (state law applies to attachment). But Clarendon meets

none of the grounds to obtain this relief because it has made no showing that it probably will

succeed on the merits, that Trustmark is transferring property to evade enforcement of a potential

judgment, or that Trustmark is a security risk. N.Y. C.P.L.R. §§ 6201, 6212, 6223; *Capital*

*Ventures Int'l v. Republic of Argentina*, 443 F.3d 214, 222 (2d Cir. 2006).

**Rule 60 Relief from Judgment.** To obtain relief from a judgment under Rule 60(b)(5),

Clarendon must make "a strong showing of likelihood of success on the merits" of its motion

claiming that it satisfied the Judgment, which requires "more than a mere possibility of relief."

*See Nken v. Holder*, 129 S.Ct. 1749, 1761 (2009) (internal citations and quotations omitted).

Because it has not satisfied the Judgment,[5] and Clarendon's self-proclaimed satisfaction does not

meet the showing required for "extraordinary judicial relief," Rule 60(b)(5) also cannot provide a

---

[5] As discussed fully in Trustmark's April 5, 2011 Memorandum at pages 4 to 6, Clarendon cannot satisfy the Judgment by offset and has met none of the legal requirements for satisfaction. (*See* [Doc. No. 104].)

basis for the order Clarendon requests.  *Motorola Credit Corp. v. Uzan*, 561 F.3d 123, 126 (2d

Cir. 2009) (quotations and citations omitted).

**III.   THIS COURT DOES NOT HAVE THE AUTHORITY TO GRANT CLARENDON'S PROPOSED ORDER**

    **A.      The Proposed Order Is Beyond the Limited Scope of 28 U.S.C. § 636**

Under 28 U.S.C. § 636(b)(1), a magistrate judge may resolve "pretrial" or "non-

dispositive" matters.  (*See* authority cited in Mem. at 6.)  And a magistrate judge may "submit to

[the district court] proposed findings of fact and recommendations," but cannot fully "determine"

motions seeking injunctive relief.  *See* 28 U.S.C. § 636(b)(1)(A) & (B).  Judge Jones recognized

these statutory limitations and therefore referred this case to the magistrate for only:  "General

Pretrial (includes scheduling, discovery, non-dispositive pretrial motions, and settlement)."

(Feb. 1, 2010 Referral Order [Doc. No. 19].)  Clarendon argues that its proposed order does not

run afoul of either the referral or of 28 U.S.C. § 636 because it (i) is not a post-trial matter and

(ii) is not seeking injunctive relief. (Opp. at 5.)  Clarendon is wrong on both arguments.

First, Clarendon's proposed order — asking the Court to order Trustmark to return the

Judgment — is a post-trial request.  To argue that a matter occurring *after* a Judgment, and *after*

enforcement of that Judgment, is not post-trial strains credulity.  Indeed, Clarendon simply states

without support that "Clarendon's motion for a protective order is a non-dispositive pretrial

motion."  (Opp. at 5.)  But to arrive at this conclusion, Clarendon assumes that the proposed

order arises from this case.  It does not.  The protective order arises from a Judgment executed in

another case.  And despite that separation, Clarendon's proposed order would also be dispositive

because it effectively provides the very offset that Clarendon would otherwise have to prove.

Second, as this Court has already concluded, Clarendon's proposed order seeks injunctive

relief. (April 14, 2011 Neff Decl. Ex. 1 at 3:5-7.)  In fact, Clarendon's proposed order precisely

meets the Second Circuit's definition of a mandatory preliminary injunction, which "alters the status quo by commanding some positive act," because it requires Trustmark to return the Judgment. *Cacchillo*, 2011 WL 1005427, at *3 (internal quotation marks and citation omitted. However, Clarendon urges that its proposed order "merely relates only to the conduct or progress of the litigation." (Opp. at 5-6 (citing cases).) Not so. The litigation that resulted in the Judgment ended two years ago and returning the Judgment does not merely involve the progress of this litigation, as, for example, an order setting discovery deadlines.

Moreover, the cases that Clarendon relies on to argue its "proposed order does not grant injunctive relief" make little sense when reviewed in context because none of these cases addresses an order by a magistrate judge requiring *a party to act* as Clarendon requests here. *See, e.g., Gulfstream Aerospace Corp. v. Mayacamas Corp.*, 485 U.S. 271, 279 (1988) (holding "[a]n order that . . . relates only to the conduct or progress of litigation" is not an injunction under 28 U.S.C. § 1292(a)(1)); *Touton, S.A. v. M.V. Rizcun Trader*, 30 F. Supp.2d 508 (E.D. Pa. 1998) (holding granting or lifting of stay of proceedings pending arbitration does not constitute an injunction under § 636(b)(1)(A)); *Bache Halsey Stuart Shields Inc. v. Killop*, 589 F. Supp. 390, 391-93 (D.C. Mich. 1984) (holding magistrate judge's appointment of a receiver to manage a judgment debtor's assets to satisfy a judgment pursuant to § 636(b)(3) does not constitute an injunction under § 636(b)(1)(A)).

### B.    Trustmark Did Not Consent to this Court's Authority Nor Waive an Objection to It

Even when a matter falls outside those delineated by 28 U.S.C. § 636(b), that statute also allows parties to consent to have the magistrate judge hear other matters. 28 U.S.C. § 636(c). Clarendon argues that Trustmark impliedly consented to this Court's authority over its request for relief from Judgment and its proposed order, and that therefore, Trustmark has waived any

7

objections it may have had.   (Opp. at 6-7.)   As proof of "consent," Clarendon points to

Trustmark's filings and appearance before the court related to Clarendon's prior motions.   (Id.)

But this is not proper consent.   Rather, consent requires Clarendon to show that Trustmark was

notified of its right to consent and, in fact, did so.  28 U.S.C. § 636(c)(1) & (2); *Roell v. Withrow*,

538 U.S. 580 (2003).   The U.S. Code, the Federal Rules of Civil Procedure, and the Local Rules

provide a clear-cut procedure to obtain the consent of the parties for a motion such as

Clarendon's.   *See* 28 U.S.C. § 636(c); Fed. R. Civ. P. 72 & 73; Local Civil Rule 73.1; *see also*

*Roell*, 538 U.S. 580.   That process was never invoked.

Even to the extent consent may be implied from a party's conduct under § 636(c)(1)

according to *Roell*, the party first must be put on notice of its right to provide or withhold

consent.  28 U.S.C. § 636(c)(2) (the clerk of court shall notify the parties); *see also Roell*, 538

U.S. at 583-84, 586, 590-91.   In a 5-4 decision, the *Roell* Court found implied consent to a

magistrate judge's authority only where "*the litigant or counsel was made aware of the need for*

*consent and the right to refuse it*, and still voluntarily appeared."   *Id.* at 590 (emphasis added).

The *Roell* petitioners had been made explicitly aware of their ability to object multiple times, but

did nothing.  *Id.* at 582-84 & n.1.   Critically, the dissent concluded that "lack of proper consent

[i.e., express consent before litigation] is a jurisdictional defect."   *Id.* at 592, 594-95.   In this

case, however, the Court never sought Trustmark's consent, and Trustmark never consented.

Even if this Court finds that Trustmark impliedly consented before, Trustmark does not

consent now to having the proposed order either heard or entered by this Court.   Clarendon's

proposed order has never been the subject of a hearing before this Court.   And, until the

proposed order was filed, Trustmark could not have intentionally relinquished any known right

to object to this Court's authority over the specific extraordinary relief sought.   *See, e.g.,*

*Krumme v. WestPoint Stevens Inc.*, 238 F.3d 133, 141 (2d Cir. 2000) (defining waiver as the "intentional relinquishment of a known right").  Because Trustmark never had an opportunity to object to the proposed order pending before this Court, it could not have waived its right to object to this Court's review.

## IV.    THE APRIL 8, 2011 ORDERS SHOULD BE STRICKEN

### A.    This Court Did Not Have the Authority to Enter Its April 8 Orders

Because Clarendon's motion for a protective order was not properly before this Court, this Court did not have the authority to enter the resultant April 8, 2011 Orders.  For the reasons discussed above, Clarendon's motion for a protective order was not a "pretrial" matter.  (*See* II.A; Mem. at 5).  Additionally, Judge Jones had not expressly designated this Court to hear Clarendon's motion for a protective order.  (*See* id.)  Lastly, the parties did not consent to have Clarendon's motion for a protective order ruled on by this Court.  (*See* id.; Mem. at 6-7.)  Having failed to meet any criteria that would allow this matter to proceed before a magistrate judge, the orders entered should be stricken.

Clarendon argues that Trustmark impliedly consented to the April 8 rulings by filing briefs and appearing at hearing.  (*See* Opp. at 6-7.)  But to expand Trustmark's appearance into a consent, Clarendon presumes that this Court not only had the authority to conduct the protective order hearing, but also to enter injunctive relief[6] without submitting proposed findings of fact and recommendations to the District Court.  Under § 636, even when a District Court "designates a magistrate judge to conduct hearings" for injunctive relief, such designation includes a mandate that "the magistrate judge *shall* file his proposed findings and recommendations under

---

[6] Although Clarendon purported to seek a protective order, this Court determined that "Clarendon's application [was] for effectively injunctive relief."  (April 14, 2011 Neff Decl. Ex. 1 at 3:5-7.)

subparagraph (B) with the court."  28 U.S.C. § 636(b)(1)(B)-(C) (emphasis added).  Because the

April 8 orders did not comply with this requirement, they should be stricken.

**B.      The Completed Enforcement Procedure Renders the Protective Order Moot**

The protective order entered by the Court required the U.S. Marshal to deposit the

Judgment funds into an escrow account.  (April 14, 2011 Neff Decl. Ex. 1 at 22:23-23:2.)

However, because the Marshal has distributed the Judgment to Trustmark, the protective order

serves no purpose and is now moot.  Accordingly, the protective order should be stricken.

**CONCLUSION**

For the foregoing reasons, Trustmark requests that this Court enter an order (i) denying

Clarendon's April 12, 2011 Proposed Order [Doc. No. 107] and (ii) striking the Court's April 8,

2011 Orders [Doc. Nos. 105 & 106].  Finally, Trustmark requests any such other relief as the

Court deems just and proper under the circumstances, including its attorneys' fees and costs.

DATED:       April 29, 2011                     SCHIFF HARDIN LLP

Brian J. Neff, Esq.                 By:     /s/  Brian J. Neff
SCHIFF HARDIN LLP                         David M. Spector, Esq.
900 Third Avenue                          Everett J. Cygal, Esq.
23rd Floor                                Robert C. Feldmeier, Esq.
New York, New York 10022                  Colin M. Proksel, Esq.
Tel: (212) 753-5000                       SCHIFF HARDIN LLP
Fax: (212) 753-5044                       233 S. Wacker Drive
                                          Chicago, Illinois 60606
ATTORNEYS FOR THE                         Tel: (312) 258-5500
TRUSTMARK INSURANCE COMPANY               Fax: (312) 258-5600

CH2\9897918.

10